# Exhibit 1

5/28/2026 12:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 115443101
By: Monica Jackson
Filed: 5/28/2026 12:06 PM

## 2026-35653 / Court: 295

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSHUA BEEDE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **JOEY LAMAR ELLIS AND** | § | |
| **THE CITY OF HOUSTON** | § | |
| | § | |
| *Defendants.* | § | **_____JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Joshua Beede complains of Joey Lamar Ellis and the City of Houston (hereinafter, "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1.     Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.     The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County, Texas.

### Statement Regarding Monetary Relief Sought

3.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to which Plaintiff is justly entitled.  Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

For Official Governmental Use Only – Do Not Disseminate to the Public: 126907393 - Page 1 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 126907393 - Page 2 of 10

**Parties**

4.      Plaintiff is an individual residing in Harris County, Texas.

5.      Defendant, Joey Lamar Ellis is an individual that was an employee of the Parks and Recreation Department at the time of the incident made the basis of the complaint. Defendant may be served with process by serving Defendant at his primary residence located at 444 E. Medical Center BLVD., Webster, Texas 77598 or wherever he may be found.

6.      Defendant City of Houston may be served with process through the City of Houston Legal Department at 901 Bagby St., 4th Floor, Houston, Texas 77002.

**Facts**

7.      This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about June 10th, 2024. At that time, Plaintiff was sleeping in his vehicle at Cullen Park located in Harris County, Texas. The Plaintiff was awakened by flashing red and blue lights. The Defendant, Joey Lamar Ellis, used his city issued vehicle to prevent the Plaintiff's vehicle from exiting and told Plaintiff he was a City of Houston Urban Park Ranger. The Defendant ordered the Plaintiff to exit his vehicle. Defendant Ellis made his firearm visible to the Plaintiff and gestured to it on numerous occasions in a threating manner. The Defendant then ordered the Plaintiff to remove his clothing while sexually assaulting the Plaintiff. The Plaintiff was unlawfully detained, unreasonably searched, forced to have sexual conduct with the Defendant, and had his property taken while under threat of arrest.

**Causes of Action**

8.      At all times material hereto, Consequently, Defendant is responsible for the acts and/or omissions of its employees under the doctrine of *respondeat superior*. Plaintiff further pleads that Defendant was negligent and/or negligent *per se* for one or more of the following reasons:

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 126907393 - Page 3 of 10

**Unlawful Seizure, Excessive Force, and Sexual Assault (Fourth and Fourteenth Amendments)**

9.     Defendant Ellis, acting under color of state law and within the scope of his employment as an Urban Park Ranger, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, excessive force, and sexual assault.

10.     The City of Houston Parks and Recreation Department is liable under 42 U.S.C. § 1983 because Plaintiff's injuries were caused by an official policy, practice, or custom of the City, or by the City's deliberate indifference to the need to adequately hire, train, supervise, and discipline its Urban Park Rangers, including Defendant Ellis.

11.     The City's failure to implement and enforce adequate policies and procedures, and its deliberate indifference to the risk of constitutional violations by its employees, was the moving force behind the deprivation of Plaintiff's constitutional rights.

**Municipal Liability (Monell Claim)**

12.     The City of Houston Parks and Recreation Department, through its policymakers, maintained policies, customs, or practices that were the moving force behind the constitutional violations suffered by Plaintiff, including but not limited to:

   a.     Failing to adequately screen, hire, train supervise, and discipline Urban Park Rangers

   b.     Failing to implement and enforce policies to prevent sexual assault, excessive force, and unlawful detention by its employees.

   c.     Exhibiting deliberate indifference to the rights of individuals with whom its employees come into contact.

3

13.     As a direct and proximate result of these policies, customs, or practices, Plaintiff suffered constitutional deprivations and resulting injuries

### Negligent Hiring

a.  Failure to conduct a reasonable and adequate interview process for employees;

b.  Failure to conduct proper employment and background checks;

c.  Failure to sufficiently investigate employee's training, prior employment, criminal record and past;

d.  Other acts so deemed negligent.

### Negligent Training

a.  Failure to explain and demonstrate proper policies and procedures to Joey Lamar Ellis  and/or all of its employees;

b.  Failure to provide proper training to employees regarding workplace behavior; and

c.  Other acts so deemed negligent.

### Negligent Supervision

a.  Failure to monitor Joey Lamar Ellis  and/or all employees to make sure they were complying with policies and procedures;

b.  Failure to interview and test Joey Lamar Ellis  and/or all employees to make sure they had read, were familiar with, understood, and followed all of the company policies and procedures;

c.  Under information and belief failure to take action when complaints of misconduct, abuse of company vehicle, unlawful carry of a firearm;

d.  Failure to implement proper policies and procedures for employees including Joey Lamar Ellis  regarding Ellis serious situations and safety; and

For Official Governmental Use Only - Do Not Disseminate to the Public: 126907393 - Page 4 of 10

4

For Official Governmental Use Only – Do Not Disseminate to the Public: 126907393 - Page 5 of 10

 e. Other acts so deemed necessary.

14. Joey Lamar Ellis 's aforementioned conduct constitutes assault for one or more of the following reasons:

 a. Intentionally, knowingly, or recklessly causing bodily injury to another person;

 b. Intentionally, knowingly, or recklessly threatening another person with imminent bodily injury; or

 c. Intentionally or knowingly causing physical contact with another person when the person knows or should reasonably believe that the other will regard the conduct as offensive or provocative.

### Assault – Joey Lamar Ellis

15. Defendant Ellis's aforementioned conduct constitutes assault for one or more of the following reasons:

16. Joey Lamar Ellis intentionally and knowingly caused offensive physical contact with Plaintiff when Defendant offensively touched Plaintiff without his consent. Defendant knew or reasonably should have believed that Plaintiff would regard such contact as offensive. Defendant's conduct directly caused Plaintiff's injuries and damages.

17. As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

### Battery – Joey Lamar Ellis

18. Joey Lamar Ellis 's aforementioned conduct constitutes battery for one or more of the following reasons:

19. Defendant intentionally made harmful or offensive physical contact with Plaintiff without Plaintiff's consent by forcibly sexually assaulting Plaintiff. Defendant's willful, intentional, and

5

For Official Governmental Use Only – Do Not Disseminate to the Public: 126907393 – Page 6 of 10

offensive bodily contact caused Plaintiff damages. As a result of these acts Plaintiff claims all damages recognizable by law.

## Intention Infliction of Emotional Distress – Joey Lamar Ellis

20.      Joey Lamar Ellis 's aforementioned conduct constitutes intentional infliction of emotional distress for one or more of the following reasons:

21.      Defendant's conduct in forcibly touching Plaintiff, while under the threat of arrest, without Plaintiff's consent, was extreme and outrageous. Defendant acted intentionally or recklessly with regard to the emotional distress likely to result from such conduct. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe emotional distress and mental anguish. As a result of these acts, Plaintiff claims all damages recognizable by law.

## Negligence – Joey Lamar Ellis

22.      In the alternative, Defendant owed Plaintiff a duty to exercise ordinary care while employed as an Urban Park Ranger. Plaintiff was an invitee in a City Park. Defendant breached this duty by engaging in inappropriate and non-consensual physical contact with Plaintiff and by failing to act in a manner that ensured the safety and security of the Plaintiff. Defendant's negligence proximately caused Plaintiff's injuries and damages. As a result of these acts and/or omissions, Plaintiff claims all damages recognizable by law.

## Negligence – City of Houston Parks and Recreations Department

23.      Plaintiff further pleads that Defendant City of Houston Parks and Recreations Department, and/or its alter-egos was

negligent and/or negligent *per se* for one or more of the following reasons:

   a)      Negligently approved Joey Lamar Ellis to become affiliated with Houston Parks and Recreations Department;

   b)      Negligently hired and/or retained Joey Lamar Ellis;

6

For Official Governmental Use Only – Do Not Disseminate to the Public: 126907393 - Page 7 of 10

c)     Negligently trained Joey Lamar Ellis ;

d)     Failing to adequately screen its employees;

e)     Failing to properly monitor or supervise its employees;

f)     Failing to implement and enforce reasonable safety policies;

g)     Failing to take reasonable steps to protect invitees from foreseeable conduct by its Urban Park Rangers.

h)     Other acts so deemed negligent.

24.    Plaintiff pleads in the alternative that, at all times material hereto, Joey Lamar Ellis  acted as an express, apparent, and/or ostensible agent for Defendant City of Houston Parks and Recreations Department, and/or its alter-egos and was acting within the course and scope of his agency at the time of the incident in question.

25.    As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

26.    Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## Damages

27.    As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

28.    By virtue of the actions and conduct of Defendants as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a.    Past and future medical expenses;

b.    Past and future pain, suffering and mental anguish;

c.    Past and future physical impairment;

7

d.   Past and future physical disfigurement; and

e.   Past lost wages and future loss of earning capacity.

29.     By reason of the above, Plaintiff is entitled to recover damages from Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Duty to Disclose

30.     Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendants must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

31.     Pursuant to Rule 194, Tex. R. Civ. P., Defendants must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendants' initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

32.     Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing,

8

For Official Governmental Use Only - Do Not Disseminate to the Public: 126907393 - Page 8 of 10

Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

For Official Governmental Use Only – Do Not Disseminate to the Public: 126907393 - Page 9 of 10

Respectfully submitted

**DASPIT LAW FIRM, PLLC**

*/s/ Robert Morse*
**Robert Morse**
Texas State Bar No.: 24041529
440 Louisiana Street, Ste. 1400
Houston, TX 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
Robert@daspitlaw.com
intake@daspitlaw.com

*/s/ Jessica Campos*
**Jessica Campos**
Texas State Bar No.:24142009
440 Louisiana Street, Ste. 1400
Houston, TX 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
Robert@daspitlaw.com
intake@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ta'Kerra Clark on behalf of John Daspit
Bar No. 24048906
tclark@daspitlaw.com
Envelope ID: 115443101
Filing Code Description: Petition
Filing Description: Petition
Status as of 5/28/2026 12:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Morse | | robert@daspitlaw.com | 5/28/2026 12:06:29 PM | SENT |
| Jessica Campos | | jcampos@daspitlaw.com | 5/28/2026 12:06:29 PM | SENT |
| Nesta Howell | | nhowell@daspitlaw.com | 5/28/2026 12:06:29 PM | SENT |
| Ta'Kerra Clark | | tclark@daspitlaw.com | 5/28/2026 12:06:29 PM | SENT |
| John Daspit | | eservice@daspitlaw.com | 5/28/2026 12:06:29 PM | SENT |
| Alma Lira | | alira@proactivelegal.com | 5/28/2026 12:06:29 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 5/28/2026 12:06:29 PM | SENT |
| Milica Eror | | milica@daspitlaw.com | 5/28/2026 12:06:29 PM | ERROR |
| Alexandria Pacioni | | alexandria@daspitlaw.com | 5/28/2026 12:06:29 PM | ERROR |

For Official Governmental Use Only - Do Not Disseminate to the Public: 126907393 - Page 10 of 10



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 29, 2026

Certified Document Number:        126907393 Total Pages:  10

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**